UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| ADRIANA YOUNG, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br><br><br> -v.-<br>REVENUE ENTERPRISES, LLC and<br>JOHN DOES 1-25,<br><br>       Defendants. | C.A. No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

  Plaintiff Adriana Young (hereinafter, "Plaintiff" or "Young"), a Kansas resident, brings this Class Action Complaint by and through her attorneys, The Williston Law Firm, LLC, against Defendant Revenue Enterprises, LLC (hereinafter "Defendant REL"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

  1. Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual

1

privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3. Kansas has similarly enacted statutes to protect consumers from abusive debt collection practices, codified in the Kansas Consumer Protection Act ("KCPA") at K.S.A. 50-623 et seq.

**JURISDICTION AND VENUE**

4. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

**NATURE OF THE ACTION**

6. Plaintiff brings this class action on behalf of a class of Kansas consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

7. Plaintiff is seeking damages and declaratory relief.

## **PARTIES**

8. Plaintiff is a resident of the State of Kansas, County of Riley, residing at 2919 Brookville Drive, Manhattan, KS 66502.

9. Defendant Revenue Enterprises, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and a "supplier" as that terms is defined in K.S.A. 50-624(l) with an address at 3131 S. Vaughn Way, Suite 500, Aurora, CO 80014.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## **CLASS ALLEGATIONS**

12. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:
    a. all individuals with addresses in the State of Kansas;
    b. to whom Revenue Enterprises LLC sent an initial collection letter attempting to collect a consumer debt;
    c. regarding collection of a debt;
    d. that failed to identify and name the current creditor to whom the debt was allegedly owed;

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action for claims under the FDCPA;

    f. which letter was sent on or after a date of three (3) years prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action for claims arising under the KCPA.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f and 1692g and K.S.A. 50-626(2) or 50-626(3).

17. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A** violate 15 U.S.C. § 1692e and §1692f and § 1692g and K.S.A. 50-626(2) or 50-626(3).

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e.  **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22.    Some time prior to April 17, 2018, an unidentified obligation in the current amount of $25.92 was allegedly incurred by Plaintiff.

23.    The alleged obligation arose out of a transaction involving a debt incurred by Plaintiff in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

24.    The alleged obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25. The alleged obligation was a "consumer transaction" as defined by K.S.A. 50-624(c).

26. The owner of the alleged obligation is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

27. The creditor or a subsequent owner of the debt contracted with Defendant to collect and enforce the alleged debt.

28. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – April 17, 2018 Collection Letter*

29. On or about April 17, 2018, Defendant sent Plaintiff an initial collection letter (the "Letter") regarding an allegedly owed and unidentified debt. See a true and correct copy of the Letter attached as Exhibit A.

30. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication provide the consumer with written notice of:

(1) the amount of the debt;

(2) **the name of the creditor to whom the debt is owed**;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

31. These disclosures are more commonly known as the "G Notice".

32. The Letter did not contain all the requirements of the ''G Notice." Specifically, this letter deceptively fails to identify who the original or current creditor is to whom the alleged debt is owed.

33. The letter states "This account has been assigned to Revenue Enterprises, LLC for collection by your creditors listed on the next page." However, the next page of the letter makes no reference to Plaintiff's creditor for whom Defendant is attempting to collect the alleged debt. See Exhibit A, page 2.

34. It is deceptive to not clearly state who the creditor is in any collection letter sent to a consumer.

35. Mere illusions are not enough, but the letter must specifically and clearly state who the creditor is.

36. Here, Defendant fails to even allude to the creditor and simply provides no information regarding Plaintiff's creditor.

37. Defendant has failed to provide the consumer with a proper initial communication letter by failing to clearly identify the original and current creditors of the debt.

38. This complete lack of identifying information was materially misleading to Plaintiff who could not ascertain the creditor who claimed she owed a debt.

39. The identity of an alleged creditor is material information in enforcing a consumer transaction, as a consumer cannot know whether they owe a sum or not without knowing the identity of the alleged creditor.

40. Plaintiff sustained an informational injury as, since she could not identify the creditor, she could not verify whether she owed the debt and, therefore, could not pay it.

41. As a result of Defendant's deceptive misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

42. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

43. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

44. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

45. Defendant violated said section by:

   a. Making a false and misleading representation in violation of §1692e(10).

46. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

9

47. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

48. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

49. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

50. Defendant violated this section by unfairly failing to advise Plaintiff as to the identity of the current creditor who was attempting to collect a debt from her.

51. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

52. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

53. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

54. Pursuant to 15 U.S.C. §1692g, a debt collector must notify the consumer of the name of the creditor to whom the debt is owed. §1692g(a)(2).

55. This notice must be clearly conveyed so that the consumer is clearly advised as to whom the alleged debt is owed.

56. Defendant violated this section by unfairly failing to advise Plaintiff as to the identity of the current creditor who was attempting to collect a debt from her.

## **COUNT IV**
## **VIOLATIONS OF THE KANSAS CONSUMER PROTECTION ACT**
## **K.S.A. 50-623** *et seq.*

57. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

58. Plaintiff is a consumer as defined by K.S.A. § 50-624(b) of the KCPA.

59. Defendant is a supplier of consumer products as defined by K.S.A. § 50-624 and is subject to the requirements and provisions of the KCPA.

60. The Debt involved a consumer transaction as defined by K.S.A. § 50-624(c).

61. The KCPA provides that "No supplier shall engage in any deceptive act or practice in connection with a consumer transaction." K.S.A. § 50-626.

62. The above-described actions and representations of Defendant are deceptive as described by K.S.A. § 50-626(b)(2) which prohibits the willful use, in any oral or written representation, of exaggeration, falsehood, innuendo or ambiguity as to a material fact.

63. The above-described actions and representations of Defendant are deceptive as described by K.S.A. § 50-626(b)(3) which prohibits the willful failure to state a material fact, or the willful concealment, suppression or omission of a material fact.

64. Defendant violated this section by unfairly failing to advise Plaintiff as to the identity of the current creditor who was attempting to collect a debt from her.

65. Pursuant to K.S.A. 50-634, consumers are entitled to bring suit for actual damages or statutory damages for violations of the KCPA.

## **DEMAND FOR TRIAL BY JURY**

66. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests that trial be held in the above captioned matter at the Robert J. Dole Federal Courthouse in Kansas City, Kansas.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Adriana Young, individually and on behalf of all others similarly situated demands judgment from Defendant Revenue Enterprises, LLC., as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Keith N. Williston, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  August 20, 2018                                  Respectfully Submitted,

                                                                         */s/ Keith N. Williston*
Keith N. Williston, Esq.
MO# 69433
201 SE Williamsburg Drive
Blue Springs, MO 64014
Phone: (913) 207-5450
willistonkeith@yahoo.com
*Attorneys For Plaintiff*