(Rev. 12/1/15)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ADRIANA YOUNG,**
*Individually and on behalf of*
*all others similarly situated*,

Plaintiff(s),

v.                                         Case No. **18-2430-JAR-KGG**

**REVENUE ENTERPRISES, LLC**,

Defendant(s).

## <u>SCHEDULING ORDER</u>

On November 14, 2018, in accordance with Fed. R. Civ. P. 16, the undersigned U.S.

Magistrate Judge, conducted a scheduling conference in this case with the parties.[1]

Plaintiff appeared through counsel, Keith Williston.   Defendant appeared through counsel,

Michael Klutho.

After consultation with the parties, the court enters this scheduling order:

**1.     Discovery.**

a.     The parties already have served their initial disclosures with regard to

witnesses, exhibits, damage computations, and any applicable insurance coverage, as

---

[1]As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief.   The term "defendant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

required by Fed. R. Civ. P. 26(a)(1).   Supplementations of those disclosures under Fed. R. Civ. P. 26(e) must be served at such times and under such circumstances as required by that rule.   In addition, such supplemental disclosures must be served in any event 40 days before the deadline for completion of all discovery.   The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify all witnesses and exhibits that probably or even might be used at trial.   The opposing party and counsel should be placed in a realistic position to make judgments about whether to take a particular deposition or pursue follow-up "written" discovery before the time allowed for discovery expires.   Should anything be included in the final disclosures under Fed. R. Civ. P. 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, the witness or exhibit probably will be excluded from offering any testimony under Fed. R. Civ. P. 37(c)(1).

b.      The parties will conduct initial discovery concerning the facts of the named plaintiff's claim.   Additional discovery may be conducted following the status conference. Initial discovery in this case must be commenced or served in time to be completed by **March 1, 2019**.   Under recent amendments to the Federal Rules of Civil Procedure, the court respectfully reminds the parties and counsel that they are entitled to obtain pretrial discovery regarding any nonprivileged matter *provided* it's (a) relevant to a party's claim or defense, <u>AND</u> (b) proportional to the needs of this case.   Under Fed. R. Civ. P. 26(b)(1), whether any particular discovery request is proportional is to be determined by considering, to the extent they apply, the following six factors: (1) the importance of the issues at stake

in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

      c.     The parties have stipulated that no expert testimony will be used in this case.

      d.     The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case.

      e.     The court considered / resolved the following discovery problem(s) raised by one or more of the parties: None.

      f.     Consistent with the parties' agreements as set forth in their planning conference report, electronically stored information (ESI) in this case will be handled as follows:   The parties do not expect that a large amount of ESI will be exchanged in this case.   In the event that documents stored in this format are requested during discovery, the parties agree to exchange same in .pdf , .wav or another mutually acceptable format.

      g.     Consistent with the parties' agreements as set forth in their planning conference report, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows: The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited, to information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or

3

protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date.   Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within 14 days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection.   Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order.   The provisions of this section constitute an order pursuant to Rules 502(d) and(e) of the Federal Rules of Evidence.

h.      To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by parties and counsel in this case [e.g., the *Susman* pretrial [trial] agreements, available at *http://www.trialbyagreement.com*]:   The parties consent to service of discovery via e-mail.   Additionally, should a discovery dispute arise, the parties agree to meet and confer in good faith to reach a resolution of the matter prior to requesting Court intervention.

i.      No party may serve more than 25 interrogatories, including all discrete subparts, on any other party.

j.      No more than 3 depositions may be taken by plaintiff, and no more than 3 depositions may be taken by defendant.   Each deposition must be limited to 5 hours.    All

depositions must be governed by the written guidelines that are available on the court's website:

   *http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

     k.    Discovery in this case may be governed by a protective order.   If the parties agree concerning the need for and scope and form of such a protective order, they must confer and then submit a jointly proposed protective order by **December 14, 2018**.   This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

*Guidelines for Agreed Protective Orders for the District of Kansas*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c).   A pre-approved form of protective order is available on the court's website:

        *http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **December 14, 2018**.

     l.    The parties do consent to electronic service of disclosures and discovery requests and responses.   See Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3.

m.   The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.   Accordingly, the parties are respectfully reminded that this court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g).   Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it's certified as (i) consistent with the applicable rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.   If a certification violates these restrictions without substantial justification, under Rule 26(g)(3), the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation. Therefore, *before* the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the court *strongly* suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

**2.    Motions.**

a. Provided that such defenses have been timely preserved, any motions to dismiss asserting lack of personal jurisdiction, improper venue, insufficient process or service of process, failure to state a claim upon which relief can be granted, or the propriety of the parties must be filed by **December 5, 2018**.

b. Deadlines regarding any motion for leave to join additional parties or to otherwise amend the pleadings, and potentially dispositive motions will be set at a subsequent conference.

c. If issues remain unresolved after the parties have complied with the "meet and confer" requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties and counsel are strongly encouraged to consider arranging a telephone conference with the undersigned magistrate judge *before* filing such a motion. But such a conference is not mandatory.

d. Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the time for filing such a motion is extended for good cause shown. Otherwise, the objection to the default, response, answer, or objection is waived. *See* D. Kan. Rule 37.1(b).

e. To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a).

Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports.   *See* D. Kan. Rule 26.4(c).

  f.  The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the court.

**3.  Pretrial Conference, Trial, and Other Matters.**

  a.  The parties agree that principles of comparative fault do <u>not</u> apply to this case.

  b.  Pursuant to Fed. R. Civ. P. 16(a), a telephone status conference is scheduled for **March 5, 2019 at 3:00 p.m.** with the undersigned Magistrate Judge.  Counsel who plan to participate should call **888-363-4749 and enter access code 5407703** for the conference.

  c.  A pretrial conference will be set at a subsequent conference.

  d.  The parties expect the jury trial of this case to take approximately two to three days.   This case will be tried in Kansas City, Kansas.   This case will subsequently be set for trial.

  e.  The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time, or as a backup if the assigned U.S. District Judge determines that his or her schedule is unable to accommodate the scheduled trial date.

  f.  This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public.   Counsel are

expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court.   The *Pillars of Professionalism* are available on this court's website:        *http://ksd.uscourts.gov/wp-content/uploads/2018/01/2-15-13-Pillars-of-Professionalism.pdf*

This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated November 14, 2018, at Wichita, Kansas.

s/ KENNETH G. GALE
KENNETH G. GALE
U.S. Magistrate Judge

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | Set at subsequent conference |
| Defendant's settlement counter-proposal | "     "     "     " |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | "     "     "     " |
| Mediation completed | "     "     "     " |
| Supplementation of initial disclosures | |
| Initial discovery completed | 3/1/2019 |
| Experts disclosed by plaintiff | n/a |
| Experts disclosed by defendant | n/a |
| Rebuttal experts disclosed | n/a |
| Physical and mental examinations | n/a |
| Jointly proposed protective order submitted to court | 12/14/2018 |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | 12/14/2018 |
| Motions to dismiss | Set at subsequent conference |
| Motions to amend | "     "     "     " |
| All other potentially dispositive motions (e.g., summary judgment) and motions challenging admissibility of expert testimony | "     "     "     " |
| Comparative fault identification | n/a |
| Status conference | |
| Proposed pretrial order due | Set at subsequent conference |
| Pretrial conference | "     "     "     " |
| Trial | "     "     "     " |