# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| ADRIANA YOUNG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>REVENUE ENTERPRISES, LLC and JOHN DOES 1-25<br><br>Defendants. | Court File No.: 2:18-cv-02430-JAR-KGG<br><br>**REVENUE ENTERPRISES, LLC'S RESPONSE TO PLAINTIFF'S COUNSEL'S MOTIONS TO WITHDRAW** |

## INTRODUCTION

Defendant Revenue Enterprises, LLC ("Revenue Enterprises") submits this memorandum in response to the motions of Plaintiff's counsel (Keith Williston), to withdraw.

This matter was styled as an alleged "class action." In the complaint, attorney Williston alleged that Plaintiff Adriane Young wanted to be appointed as class representative for an alleged class of consumers, and that attorney Williston sought to be appointed as class counsel. Revenue Enterprises has defended the matter as the case is without merit.

Now, following Plaintiff Adriane Young's January 16, 2019 deposition, it is readily apparent that *Plaintiff Adriane Young never authorized* this matter to be prosecuted as a purported class action—and indeed didn't even know that the case had been pled out as a purported class action until her deposition.

Following the deposition debacle—a redacted transcript and video record of which are provided herewith for the Court's reference—attorney Williston now wants to wash his hands of the mess he created and withdraw as Plaintiff Adriane Young's counsel.

Revenue Enterprises does <u>not</u> object to attorney Williston's withdrawal (the deposition transcript demonstrates withdrawal as counsel is mandatory), but instead requests the Court retain jurisdiction over attorney Williston for the reasons discussed below.

## **PROCEDURAL HISTORY AND BACKGROUND**

**I.     Plaintiff Adriane Young's "Class Action" Complaint**

On August 20, 2018, attorney Williston filed a complaint on Plaintiff Adriane Young's behalf in this matter. [Doc. No. 1.] Attorney Williston signed the complaint, which was styled as a "CLASS ACTION COMPLAINT." [*Id*. at p. 1, 12.] In doing so, attorney Williston represented that the complaint was not "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1).[1]

Likewise, attorney Williston further represented that the claims, legal contentions, and factual contentions alleged in the CLASS ACTION COMPLAINT were warranted by existing law and had evidentiary support. *Id*. at subdiv. (b)(2)-(3).

Attorney Williston specifically pled (ostensibly on Plaintiff Adriane Young's behalf, though we now know it was not):

> 6.  Plaintiff brings this class action on behalf of a class of Kansas consumers under § 1692 et. seq. of Title 15 of the United State Code, commonly referred to as the Fair Debt [*sic*] Collections Practices Act ("FDCPA") ….
>
> 12. Plaintiff brings this claim on behalf of the following [*sic*] case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).
>
> 13. The Class consists of:
>
>     a.   all individuals with addresses in the State of Kansas;
>
>     b.   to whom Revenue Enterprises LLC sent an initial collection letter

---

[1] Plaintiff Adriane Young never saw the August 20, 2018 "CLASS ACTION COMPLAINT" until her January 2019 deposition. **[**Declaration of Michael A. Klutho, Ex. A, Dep. of A. Young, 81:1-10, Jan. 16, 2019.]

|   |   |   |
|---|---|---|
|   |   | attempting to collect a consumer debt; |
|   | b. | regarding collection of a debt; |
|   | d. | that failed to identify and name the current creditor to whom the debt was allegedly owed; |
|   | e. | which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action for claims under the FDCPA; |
|   | f. | which letter was sent on or after a date of three (3) years prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action for claims arising under the KCPA. |

[*Id*. at ¶¶ 6, 12-13.][2]

Attorney Williston went on asserting that Plaintiff Adriane Young "demand[ed] judgment from Defendant Revenue Enterprises, LLC, as follows: … [d]eclaring this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Keith N. Williston, Esq. [himself] as Class Counsel …." [*Id*. at p. 12.]

## II. But Plaintiff Adriane Young Never Authorized a "Class Action"

Following repeated delays orchestrated by attorney Williston, the undersigned was finally able to depose Plaintiff Adriane Young on January 16, 2019. [Declaration of Michael A. Klutho Exs. A-B.] Attorney Williston appeared at the deposition. [*Id*.]

It became glaringly apparent during Plaintiff Adriane Young's deposition that she was wholly unaware that this matter had been sued out as a class action:

Q. Can you turn to the third page of this exhibit [the complaint]?

A. (Witness complies.)

Q. And you see Paragraph 12 and 13 [of the complaint] there? Do you see those?

---

[2] The assertion in the complaint that Revenue Enterprises did not list the name of the creditor is flatly wrong. It did list the creditor. On the merits, the complaint fails.

A. Yes.

Q. Okay. And do you --

A. **Wait a minute. This is a class action lawsuit?**

Q. Did you know this was a class action?

A. **Oh, I'm going to have to walk out of here.**

THE WITNESS: **This is a class action lawsuit?**

MR. WILLISTON: We talked about it.

THE WITNESS: **No. And you was going to give me a thousand dollars? You -- you want to give me a thousand dollars for a class action lawsuit, because I saw this there, $500,000.**

[…]

Q. So this is the first that you've learned that your attorney --

A. **Now I understand why he want it so hard in here. This is the first time I've learnt [*sic*] that**.

Q. So this lawsuit got sued out as a class action, but you did not authorize that?

A. **No. He told me that it was for the fact -- the thousand dollars -- I just wanted if off my credit report. I can tell you the rest later, but I just wanted it off my credit report.[3] And then they contact me out of nowhere. Because I went through the thing called Collection Shield 360, because I got a photographic memory.**

THE WITNESS: **Now I'm pissed off, because you've been lying. So now I'm dropping it and I'm with him [defense counsel], or I'm going to join -- get another lawyer that's going to get me half -- I want half of what you going to get, or I'm going to start telling him [defense counsel] everything.**

[Dep. of A. Young, 84:1 – 87:1 (emphasis added).]

---

[3] Revenue Enterprises never reported anything about Plaintiff Adriane Young to the credit bureaus. Hence, the reason Adriane Young testified to during her deposition for bringing this lawsuit is without merit.

4

### III. Plaintiff Adriane Young Reveals Involvement of Collection Shield 360 and the New Jersey-based law firm Stein Saks, PLLC in This Matter

Plaintiff Adriane Young also revealed during her deposition (and for the first time) that she had been working with an outside company, "Collection Shield 360," and a "Rachel Drake" in connection with pursuing her personal claim. [*Id*. at 64:1-65:3; 86:14-20.] The undersigned's investigation (and defense of past cases involving Collection Shield 360) confirms that Collection Shield 360 is not a law firm, though it apparently is an arm of an East Coast law firm. [Klutho Dec. ¶¶ 4-8, Exs. C-D.] In fact, the undersigned's investigation further confirms that Ms. Drake is an attorney with the New Jersey-based law firm Stein Saks, PLLC, a law firm intimately linked to Collection Shield 360. [Klutho Dec. ¶¶ 5-6.] Curiously, Ms. Drake has never noticed an appearance for Plaintiff Adriane Young in this matter. Yet, from Plaintiff Adriane Young's deposition testimony, it is clear that Plaintiff Adriane Young's interactions were with Ms. Drake, and not attorney Williston. [Dep. of A. Young 63:23-65:3.]

After learning that attorney Williston pled her case out as a "class action" <u>without</u> her knowledge or authorization, Plaintiff Adriane Young abruptly terminated the deposition, got up, and left before it could be completed. [*Id*. at 91:7-16.] But, before leaving Plaintiff Adriane Young fired attorney Williston and fired off some stern words directed solely at attorney Williston. [*Id*. at 86:14-91:18.]

### IV. Attorney Williston Attempts to Withdraw

On January 22, 2019, attorney Williston moved to withdraw as Plaintiff Adriane Young's counsel. [Doc. No. 10.] The Court denied attorney Williston's motion for failure to comply with D. Kan. Rule 83.5.5. [Doc. No. 11.] Attorney Williston filed another motion to withdraw the same day. [Doc. No. 12.] The Court again denied attorney Williston's renewed motion to withdraw, citing ongoing failure to comply with D. Kan. Rule 83.5.5(a)(2). [Doc. No. 13.]

5

**ARGUMENT**

**I.     Attorney Williston Violated Fed. R. Civ. P. 11, 15 U.S.C. § 1692k, and 28 U.S.C. § 1927**

Rule 11 of the Federal Rules of Civil Procedure required attorney Williston to have sufficient factual and legal support for the complaint allegations whereby he alleged Plaintiff Adriane Young sought to represent a purported putative class in this matter.  Plaintiff Adriane Young's sworn deposition testimony demonstrates that attorney Williston wholly failed to secure such support and consent.

The FDCPA itself provides that, "[o]n a finding by the court that an action under this section was brought in bad faith and for purposes of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs."  15 U.S.C. § 1692k(a)(3).

Likewise, 28 U.S.C. § 1927 provides that "[a]ny attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[4]  *Id*.

Revenue Enterprises will seek relief for attorney Williston's wrongful conduct in this matter pursuant to Federal Rule 11, the FDCPA, and 28 U.S.C. § 1927.  To that end, Revenue Enterprises will require additional exploration of attorney Williston's relationship and agreement—if any—with Plaintiff Adriane Young before seeking appropriate sanctions.

---

[4] At the initial Pretrial in this case, the Court and Counsel agreed to proceed with limited discovery—basically securing Plaintiff Adriane Young's deposition the defense had been attempting to take for some time—and then regroup in March. [*See* Doc. No. 8.]

II. **The Involvement of Collection Shield 360, Rachel Drake, and Stein Saks, PLLC in This Matter Raises Serious Concerns**

In addition to Plaintiff Adriane Young's sworn testimony that she had no knowledge that this case was pled as a class action, the now-disclosed involvement of Collection Shield 360 and Stein Saks, PLLC's in this matter raises serious concerns about the terms—if any—of attorney Williston's representation with respect to Plaintiff Adriane Young's alleged claim in this matter. [Klutho Dec. ¶¶ 4-8, Exs. C-D; *see also Taylor-Burns v. AR Resources, Inc.*, 268 F. Supp.3d 592 (S.D.N.Y. 2017) (voiding consumer's Collection Shield 360 agreement for failure to comply with the Credit Repair Organizations Act, 15 U.S.C. § 1679 *et seq.*, and denying consumer's counsel's request for attorneys' fees because purported RC Law Group[5] retainer agreement was improper under New York law and ethics rules).]

III. **Plaintiff Adriane Young's Lack of Knowledge About The Instant "Class Action" Before This Court, and the Involvement of Collection Shield 360, Rachel Drake, and Stein Saks, PLLC in This Matter, Raises Serious Concerns About Plaintiff Adriane Young's Spouse's Lawsuits Also Filed in This District**

Attorney Williston also represents Plaintiff Adriane Young's spouse, Seretse Young[6], in two other purported FDCPA class actions in this same District. [Dep. of A. Young at 62:24-63:22; *see also Young v. Account Recovery Specialists, Inc.*, 18-cv-2419-JAR-KGG; *Young v. Law Office of Amber Brehm*, 18-cv-2615-JAR-GEB.] Following Adriane Young's deposition in this case, attorney Williston filed nearly identical motions to withdraw from representing Seretse

---

[5] The undersigned's investigation appears to fully support a conclusion that the founding member of Stein Saks, PLLC—Yaakov Saks—was also a founding member of RC Law Group, PLLC, as well as Collection Shield 360. [Klutho Dec. ¶¶ 4-8, Exs. C-D.]

[6] Attorney Williston evidently cannot keep the Young spouse's cases straight—he included "Seretse Young" as the plaintiff in this matter brought solely by his spouse (whose name he misspelled) and included the case number for the *Sereste Young v. Account Recovery Specialists, Inc.* case in his second motion to withdraw as Plaintiff Adriane Young's counsel in this matter. [*See* Doc. No. 12 at p. 1.]

Young in both of Seretse Young's cases.  [*See* 18-cv-2419-JAR-KGG, Doc. Nos. 10-11; *see also* 18-cv-2615-JAR-GEB, Doc. No. 12.]

Plaintiff Adriane Young's testimony in this action raises very serious questions about Seretse Young's alleged claims in those matters, as well as his supposed "agreement" and relationship with attorney Williston and, potentially, his relationship with Collection Shield 360, Rachel Drake, and Stein Saks, PLLC.

## IV.   Revenue Enterprises Therefore Requests That This Court Maintain Jurisdiction Over Attorney Williston

Revenue Enterprises does not oppose attorney Williston's motion to withdraw as Plaintiff Adriane Young's counsel in this matter—if and when he eventually complies with the relevant District of Kansas Rules governing motions to withdraw.

However, based on the foregoing, Revenue Enterprises does respectfully request that this Court retain jurisdiction over attorney Williston as follows: (1) so that Revenue Enterprises may conduct any additional discovery and information gathering from attorney Williston and Plaintiff Adriane Young regarding the complaint allegations and Plaintiff Adriane Young and attorney Williston's relationship (as well as their respective relationships with Collection Shield 360, Rachel Drake, and Stein Saks, PLLC), and (2) so that Revenue Enterprises has a legal mechanism to bring a motion for relief against attorney Williston for his improper conduct throughout this matter pursuant to Rule 11, the FDCPA, and 28 U.S.C. § 1927.

## CONCLUSION

Attorney Williston's conduct in this matter violated the standards set out in Rule 11, the FDCPA, and 28 U.S.C. § 1927.  Accordingly, Revenue Enterprises requests that this Court retain jurisdiction over attorney Williston so that Revenue Enterprises may pursue additional discovery

and fact gathering concerning attorney Williston, and then move for sanctions against him pursuant to the aforementioned authorities.

**BASSFORD REMELE**

*A Professional Association*

Dated: February 5, 2019          By:  s/ *Michael A. Klutho*
                                      Michael A. Klutho (#78069)
                                      100 S. Fifth Street, Suite 1500
                                      Minneapolis, Minnesota 55402-1254
                                      Telephone:   612-333-3000
                                      Fax:  612-333-8829
                                      mklutho@bassford.com
                                      *Attorneys for Revenue Enterprises, LLC*