IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SERETSE YOUNG,**
          **Plaintiff,**

          Vs.          Case No. 18-2419-JAR-KGG

**ACCOUNT RECOVERY SPECIALISTS,**
**INC., et al,**
          **Defendants**

---

**SERETSE YOUNG,**
          **Plaintiff**

          Vs.         Case No. 18-2615-JAR-KGG

**LAW OFFICE OF AMBER M. BREHM,**
**et al,**
          **Defendants**

---

**ADRIANA YOUNG,**
          **Plaintiff**

          Vs.         Case No. 18-2430-JAR-KGG
**REVENUE ENTERPRISES, LLC.,**
**et al,**
          **Defendants**

---

**SUPPLEMENTAL JOINT STIPULATION REGARDING SCHEDULING AND DISCOVERY**

Interested-Party Keith Williston ("Williston") and Defendants Account Recovery Specialists, Inc., Law Office of Amber M. Brehm, and Revenue Enterprises, LLC ("Defendants") submit the following stipulation regarding scheduling and the conducting of discovery related to a potential motion for sanctions against Keith Williston:

1. On May 8, 2019 Williston and Defendants entered into a Joint Stipulation Regarding Scheduling and Discovery ("May 8 Stipulation").

2. On May 9, 2019, the Court entered an order adopting the deadlines set forth in the May 8 Stipulation.

3. The May 8 Stipulation provided, in part, the following:

   a. Defendants shall withdraw the April 29, 2019 Motions, and it is agreed that Defendants shall have until three-weeks after the receipt of deposition transcripts for the depositions of Adriana Young and Seretese Young to serve Williston with any motion for sanctions.

   b. Based on the potential conflict of interest identified by Judge Gale between Williston and the Youngs, and without acknowledging the existence of such a conflict, Williston will work to have the Youngs obtain new counsel by May 24, 2019, and to withdraw as their counsel. Assuming the Youngs obtain new counsel, it is expected that identification of such new counsel will be disclosed to Defendants and the Court.

   c. Williston and Defendants agree to work with Adriana Young and Seretese Young and potential new counsel to schedule depositions of Adriana Young and Seretese Young to occur on or before June 28, 2019. If depositions are unable to be scheduled, Defendants reserve the right to seek additional guidance from the Court regarding how to proceed.

   d. The potential subject matter of the depositions of Adriana Young and Seretese Young will be limited to: (1) Adriana Young's knowledge regarding Case No. 18-2419 being filed on her behalf; (2) Seretese Young's knowledge regarding

      Case Nos. 18-2615 and 18-2430 being filed on his behalf; (3) Adriana Young and Seretese Young's knowledge regarding the lawsuits being filed as putative class actions; and (4) how Adriana Young and Seretese Young were updated about and informed of the progression of Case Nos. 18-2419, 18-2615, and 18-2430.  Nothing in this paragraph serves as a presumptive waiver of attorney-client privilege by or for Adriana Young or Seretese Young.  It is acknowledged that Adriana Young and Seretese Young will have the right to assert any claim of privilege that they or their forthcoming counsel deems appropriate at the time of their respective deposition.

   e.  Consistent with the May 3, 2019 Order, no discovery beyond the depositions of the Youngs may occur without a court order indicating such discovery can go forward and to what extent.  *See* May 3, 2019 Order ("Following those depositions, the Court will convene another status conference to determine what, if any, further discovery is necessary…. Pending that conference, all other discovery is suspended.").

3.     To the knowledge of Williston and Defendants, the Youngs have not obtained new counsel as contemplated by the May 8 Stipulation.  Williston and his counsel have attempted to contact the Youngs on multiple occasions to encourage them to obtain new counsel, but have not received a response.

4.     Defendants have informed Williston that Defendants served the Youngs with subpoenas for depositions, scheduled for June 21, 2019.

5.     Although the Court's Order and the May 3 Stipulation currently limit discovery to the depositions of the Youngs, Williston has agreed to accept service of depositions by written

3

question, which were emailed to Williston and his counsel on June 6, 2019.  Williston agrees to provide a sworn written response to the deposition questions emailed on June 6, 2019, on or before June 21, 2019.  In accepting service, Williston reserves all rights to object to the specific questions set forth therein.  In exchange, Defendants agree and stipulate not to seek any further discovery from any party or non-party.  It is further agreed that, consistent with the May 3 Stipulation, the deadline to serve any sanctions motion remains 15-days from the receipt of the transcripts of the scheduled June 21, 2019 Youngs depositions, regardless of whether or not the Youngs appear at the depositions.  Defendants have indicated that if the Youngs do not appear at the June 21, 2019 depositions they intend to make a record accordingly and obtain a transcript of said record.

Dated: June 10, 2019                                        GERMAN MAY PC

*/s/ Catherine D. Singer*
Catherine D. Singer          KS# 26271
1201 Walnut Street, Suite 2000
Kansas City, MO 64106
Tel: 816-471-7700
Fax: 816-471-2221
E-mail: CatherineS@germanmay.com

STEIN ADLER DABAH &
ZELKOWITZ, LLP

*/s/ Christopher R. Murray*
Christopher R. Murray (*Pro Hac Vice*)
520 White Plains Road Suite 500
Office 5095
Tarrytown, NY 10591
347-378-1898
Fax: 347-391-2266
Email: cmurray@steinadlerlaw.com

*Attorneys For Interested Party
Keith N. Williston*

        BASSFORD REMELE, PA

        */s/ Michael A. Klutho*
        Michael A. Klutho (License #78069)
        Patrick D. Newman (*Pro Hac Vice*)
        100 South Fifth Street, Suite 1500
        Minneapolis, Minnesota 55402
        Phone: (612) 333-3000
        Fax: (612) 333-8829
        Email: mklutho@bassford.com
               pnewman@bassford.com

        *Attorneys for Defendants Account Recovery Specialists, Inc., Law Office of Amber M. Brehm, and Revenue Enterprises, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on June 10, 2019, I electronically filed the foregoing with the Clerk of the Court via CM/ECF, and a copy of same was served upon all parties of record through the Court's ECF system.

        By: */s/ Catherine D. Singer*
            *Attorneys for Interested Party*
            *Keith N. Williston*